No. 670

RYLEY v. LANGENBACH

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5322. Decided March 16, 1925

297. CONTRACTS—Rescission of, if plaintiff does not sustain his burden of proof by showing clearly and convincingly that contract was divisible in its nature and so intended by the parties, will not be permitted.

LEVINE, P. J.

Alfred Ryley instituted an action against Edward Langenbach praying that a sale of 500 shares of second preferred and 374 shares of common stock sold by him to Langenbach be rescinded, set aside, and held for naught. Ryley also averred that a proper tender was made by him to Langenbach of the purchase price advanced by the latter to the former for said stock and that same was refused.

Langenbach denied that Ryley sold him the stock in the manner set forth in Ryley's petition, claiming there was a syndicate to which stock was sold, which consisted of 1500 shares of second preferred and 1120 shares of common stock. It was alleged that it was sold collectively and not individually and that Ryley never sold or believed he was selling any specific number of shares of stock to any of the individual members of the syndicate; but instead sold his stock to the syndicate as an entirety but composed of various subscribers.

This case was heard on appeal and the issue presented to the Court of Appeals was "Is the contract a severable contract, or is it an entire contract?" The court held:

1. It is incumbent upon Ryley to prove that the contract alleged to have been entered into between himself and Langenbach was such as is described in the petition, namely, a contract with the latter individually.

2. A divisible contract is one in its nature and purposes susceptible of division and apportionment, having two or more parts in respect to matters and things contemplated and embraced by it, but necessarily dependent upon each other, nor is it intended by the parties that they shall be.

3. The paramount inquiry, in all such cases, is whether or not the parties intended the same as a divisible contract.

4. Ryley did not sustain his burden of proof by way of showing in a clear convincing manner that the transaction had between him and Langenbach was in its nature divisible, and that it was intended by the parties that it be regarded as such.

5. Ryley is not entitled to the relief prayed for unless he can establish the contract as being clearly divisible or separable for there can be no partial rescission.

6. Ryley is not entitled to the relief prayed for in his petition, and decree will be drawn accordingly.

Attorneys—Tolles, Hogsett, Ginn & Morley for Ryley; Day & Day for Langenbach; all of Cleveland.